UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:20-cr-281 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL McCULLOUGH | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Amended Motion to Reconsider Order of Detention and to Release on Bond with Conditions filed on November 16, 2020 ("Defendant's Motion") (Doc. No. 30).  On November 20, 2020, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response") (Doc. No. 31), and on December 3, 2020, Defendant filed a Response to the Government's Response ("Defendant's Response") (Doc No 32).

In Defendant's Motion, Defendant incorporates all of the averments and statements included in his Motion to Reconsider the Magistrate Judge's Order of Detention and to Set and/or Modify Conditions of Release filed on July 22, 2020 ("Defendant's First Motion") (Doc. No. 14), the Government's Response in Opposition to Defendant's First Motion filed on July 27, 2020 ("the Government's Response to Defendant's First Motion") (Doc. No. 15), and Defendant's Response to the Government's Response to Defendant's First Motion filed on

1

August 3, 2020 ("Defendant's First Response") (Doc. No. 16).  As an initial matter, the Court issued a Memorandum Opinion and Order on August 3, 2020, detailing its consideration and evaluation of all of the averments and statements set forth in Defendant's First Motion, the Government's Opposition to Defendant's First Motion, and Defendant's First Response to the Government's Response to Defendant's First Motion, and for the reasons set forth therein, denying Defendant's First Motion.

Indeed, in Defendant's Motion, Defendant reiterates many of the same averments and statements set forth in Defendant's First Motion and Defendant's First Response to the Government's Response to Defendant's First Motion.  The only new or additional assertions that Defendant sets forth in Defendant's Motion and Defendant's Response are:  1.) during his almost 5 months of detention, he has been unable to attend critical family matters, and visit with his family and attorney in a meaningful manner (Doc. No. 30, PageID # 132); and 2.) that by pleading guilty and accepting responsibility a dramatic and worthwhile change of circumstance has occurred that would allow this Court to release him pursuant to 18 U.S.C. §3142 (Doc. No. 32, PageID # 139).[1]  Defendant submits that "if permitted to be placed on electronic home monitoring and/or GPS and/or a modified release coordinated with U.S. Probation whereby a biweekly reporting would provide ample assurance of his availability for his sentencing scheduled for 2/11/2021."  (Doc. No 30, PageID # 132.)

In the Government's Response, the Government acknowledges the fact that on November 12, 2020, Defendant pled guilty to the Indictment with a plea agreement and the Court set the sentencing hearing for February 11, 2021.  The Government also acknowledges

---

[1] 18 U.S.C. § 3142 is captioned "Release or detention of a defendant **pending trial**".  (Emphasis added.)   It provides in relevant part at subsection (f)(2) that "[t]he [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f)(2).

that in denying Defendant's First Motion, the Court considered the fact that at that time – and because Defendant had not been convicted of the crimes charged – there was no presumption in favor of detention.  The Government correctly asserts that because Defendant has since pled guilty to the crimes charged, there is now a presumption of detention under 18 U.S.C. § 3143(a).[2]  The Government argues that Defendant has not and cannot overcome the presumption of detention by clear and convincing evidence, restating the facts and arguments set forth in the Government's Response to Defendant's First Motion.  (Doc. No. 31, PageID # 137.)  Moreover, the Government argues that because of Defendant's guilty plea and impending sentence, he has additional incentive to flee than he did when Defendant's First Motion was evaluated and decided.

The Government's arguments are well-taken.  Indeed, Defendant has not identified a change of circumstance that demonstrates to this Court that he should be released pending sentencing.  Being able to visit and assist family members is not a change of circumstance within the meaning of 18 U.S.C. § 3142(f)(2) and Defendant has not cited any authority for same.  And, Defendant has had the opportunity to consult with his attorney concerning his defense since he confirmed the same during his change of plea hearing.  Moreover, Defendant's guilty plea and concomitant acceptance of responsibility is not a change of circumstance warranting his release pending sentencing.  To the contrary, having been convicted of the charges, there is a presumption in favor of detention and Defendant now does have incentive to flee and the Court has already determined in its Memorandum Opinion and Order issued on August 3, 2020 that Defendant poses a danger to the community.  Also,

---

[2] The Government correctly quotes from 18 U.S.C. § 3143, titled "Release or detention of a defendant pending sentence or appeal," to wit:  **(a) Release or detention pending sentence.—(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, *** be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. § 3142(a).

3

Defendant's acceptance of responsibility will be evaluated and may inure to his benefit at the time of sentencing.   Finally, releasing Defendant on bond with GPS monitoring would necessitate contact with Defendant by pretrial services officer(s) and pose a risk to their health and well-being during the COVID-19 pandemic.

Accordingly, the Defendant's Motion is DENIED.

IT IS SO ORDERED.


 /s/ *Pamela A. Barker*
Pamela A. Barker
United States District Court

Dated:  December 7, 2020